# Margaret McGeary, Admrx., et al., Plffs. in Err., *v.* Kate McGeary.

The credibility of competent witnesses (in this case to a will) is always for the jury.

In passing upon the question whether the decedent executed the paper which purported to be his last will, it was competent to offer testimony to show that a person named as a beneficiary, and designated as testator's wife, was in fact his mistress.

A testator has a legal right to devise property to a mistress.

(Decided January 4, 1886.)

Error to the Court of Common Pleas, No. 1, Allegheny County. Affirmed.

After the decease of Abbot L. McGeary, a paper purporting to be his last will and testament was offered for probate and its genuineness denied. An issue was thereupon framed, in which Kate McGeary, devisee, was named as plaintiff, and Henry McGeary and others made defendants, to try its validity.

In the devise to Kate McGeary he designated her as "my wife." The testimony of Brown, who stated that he had prepared the will for the testator, and was present at its execution, and was one of the attesting witnesses, was offered and was corroborated by three other witnesses, one of whom was also a witness to the signing of the same by McGeary. The veracity of Brown was attacked by witnesses called on behalf of the defendants. The defendant also offered testimony to show that plaintiff was not testator's wife, but a mere mistress, and this testimony was admitted by the court, to be considered by the jury in passing upon the question whether he in fact executed the will.

Kate McGeary testified that she was lawfully married to the testator two years before the date of the will, admitting that she had been his mistress some time prior thereto.

The court ruled that if he, in fact, made the will in conten-

Cited in Johnson's Estate, 10 Montg. Co. L. Rep. 54.

NOTE.—No presumption of marriage arises from cohabitation, where there is a conflict of testimony as to reputation; but that fact, in connection with the evidence of reputation, is to be considered by the jury. Greenawalt v. McEnelley, 85 Pa. 352.

tion, it was immaterial whether the marital relations existed or not.

The finding was in favor of the validity of the will, and from the judgment entered thereon a writ of error was sued out by the defendants.

*A. M. Brown* and *D. F. Patterson* for plaintiffs in error.

*Marshalls & Imbrie* for defendant in error.

PER CURIAM:

The evidence to prove the execution of the will by Abbott L. McGeary was most ample to submit to the jury. Whether the devisee was the wife or the mistress, the testator had a legal right to devise his property to her. The evidence of the marriage was, however, so positive that it could not be taken from the jury. The credibility of the witness was for the jury, and was properly submitted.

Judgment affirmed.